UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

   -v-                                                       No. 18 CR 882

BIERNE LOWRY,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received an emergency letter motion seeking compassionate release of defendant Bierne Lowry ("Defendant" or "Mr. Lowry") under 18 U.S.C. §3582(c)(1)(A). (See Docket Entry Nos. 196 ("Motion"), and 198 ("Supp. Motion").) Mr. Lowry has reportedly been approved under an administrative release program established by the Bureau of Prisons ("BOP") at the direction of the Attorney General of the United States (the "AG") for early release to home confinement on April 21, 2020, but is to be placed in a segregated housing unit ("SHU") for quarantine purposes for 14 days prior to such release in light of the current national COVID-19 pandemic conditions. Defense counsel requests that the Court modify Mr. Lowry's sentence to time served, order the BOP to release Mr. Lowry immediately, and add to his supervised release a condition that he self-quarantine for 14 days immediately upon release from custody, so that Mr. Lowry can instead serve the quarantine period at his Manhattan home, which has been prepared for such purpose. (Id.) The letter motion proffers that Mr. Lowry has a history of complications in connection with respiratory ailments. The Government does not dispute Mr. Lowry's factual proffers, but opposes the request on the ground that Mr. Lowry has

not exhausted his administrative remedies. (Id.) For the reasons explained below, the Court denies Defendant's request for a compassionate release order, but recommends strongly that the BOP use its administrative discretion to release Mr. Lowry to self-quarantine at his home under the conditions described in the submissions on April 7, 2020, or as soon thereafter as possible.

BACKGROUND

On August 6, 2019, the Court entered judgment sentencing Mr. Lowry principally to eight months of imprisonment upon his conviction on one count of conspiracy to commit money laundering. (See Docket Entry No. 123.) The Court recommended to the BOP "that the defendant be designated to serve the maximum permissible portion of his sentence in a residential reentry center in the NYC metropolitan area." (Id.) On October 29, 2012, Mr. Lowry self-surrendered to the designated institution, FCI Fort Dix. (Motion at 1.) Mr. Lowry is a first time, non-violent offender, and has served 5 months in the federal prison camp at Fort Dix with no disciplinary infractions. (Id. at 2.) Mr. Lowry is nearly 61 years of age, and has suffered from respiratory infections, including chronic bronchitis, in the past. (Id. at 2-3.)

On March 26, 2020, the AG issued a memorandum establishing an administrative program authorizing and directing the BOP to use its authority to grant home confinement to certain vulnerable and low-risk inmates, as part of the BOP's measures in response to the COVID-19 pandemic. The memorandum also directed the BOP "to place any inmate to whom you grant home confinement in a mandatory 14-day quarantine period before that inmate is discharged from a BOP facility to home confinement."[1] (Id. at 2.) On April 3, 2020, AG Barr

---
[1] See Memorandum from the Attorney General for Director of Bureau of Prisons, dated March 26, 2020, available at https://www.justice.gov/file/1262731

issued a second memorandum to the BOP relaxing the mandatory 14-day pre-release BOP quarantine requirement for specified facilities other than Fort Dix, and also for what the memorandum characterized as "other similarly situated BOP facilities where COVID-19 is materially affecting operations."[2] (See Supp. Motion at 2.) AG Barr directed the BOP to immediately review all inmates with COVID-19 risk factors, process all candidates deemed suitable for home confinement for transfer, and determine, on a case-by-case basis, where to quarantine eligible inmates, whether it be at a BOP facility or the residence to where the inmate is being transferred for home confinement.[3] (Id.) AG Barr advised the BOP that "inmates with a suitable confinement plan will generally be appropriate candidates for home confinement rather than continued detention."[4]

In March 2020, Mr. Lowry's Fort Dix Unit Team recommended Mr. Lowry be released from custody on April 7, 2020, to serve the remainder of his sentence in home confinement. (Motion at 2.) On April 3, 2020, Mr. Lowry informed his counsel that he had received final approval for release to home confinement on April 21, 2020. (Id.) Fort Dix staff informed Mr. Lowry that, on April 6, 2020, Mr. Lowry would be transferred from the prison camp to the SHU to be quarantined for 14 days prior to his release. (Id.) The instant motion was filed on April 3, 2020.

---

[2] See Memorandum from the Attorney General for Director of Bureau of Prisons, dated April 3, 2020, available through link cited in Supp. Motion at 1, Docket Entry No. 198.
[3] Id.
[4] Id.

## DISCUSSION

Mr. Lowry moves for a court order directing compassionate release under 18 U.S.C. §3582(c)(1)(A). As noted above, Mr. Lowry requests that the Court reduce his term of imprisonment and Order the BOP to release him from custody and transfer him to home confinement on April 7, 2020, so that he may self-quarantine for 14 days in his Manhattan apartment rather than in the SHU at Fort Dix. The federal statute authorizing compassionate release provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(c)(1)(A). The Application Notes to the referenced provision of the United States Sentencing Guidelines define "extraordinary and compelling reasons" warranting a sentence reduction as terminal illnesses, serious or degenerating medical conditions or impairments that permanent and substantially diminish the defendant's ability to provide self-care within the environment of a BOP facility, certain combinations of age (over 65), illness and time served on the sentence, and death or incapacitation of certain family members or caregivers. U.S.S.G. §1B1.13 Application n.1. Mr. Lowry does not meet any of these criteria. His respiratory history, while placing him in a higher-risk category for COVID-19 infection and related complications, is not the type of condition or impairment contemplated by the Sentencing Commission's policy statement, and he has not reached the age of 65. Thus, while he clearly is eligible for, and has been approved for, release under the BOP's administrative policy, he is not

facially eligible for compassionate release under the statutory provision. It is therefore unnecessary to address the issue raised by the Government – whether the Court has authority to grant compassionate release under the statute where there has been no attempt to exhaust administrative remedies.[5]

## CONCLUSION

For these reasons, the Court denies Defendant's motion for compassionate release. Nevertheless, in light of Defendant's status as a first-time, non-violent offender, good behavior in custody, age, prior medical history of respiratory infections, approval for release to home confinement under the BOP's administrative program, and well-developed plan to self-quarantine for 14 days at a residence that has reportedly been pre-approved by the BOP for home confinement, and AG Barr's directive to the BOP to allow eligible inmates to self-quarantine at their residences, the Court strongly recommends that the BOP exercise its discretion and release Mr. Lowry from custody and transfer him to home confinement on April 7, 2020, or as soon thereafter as possible, thereby allowing him to perform his 14-day self-quarantine in his Manhattan apartment. Such release to home quarantine is consistent with the protection of the health of the general public and with the BOP's efforts to address COVID-19 by prudently reducing the population of its facilities.

---

[5] Compare United States v. Hernandez, No. 18 Cr. 834 (PAE), Docket Entry No. 440 (S.D.N.Y. Mar. 25, 2020) (concluding that relief could not be granted under §3582(c) because the Court lacked the legal authority to modify defendant's sentence where defendant failed to exhaust his administrative remedies) with USA v. Colvin, No. 3:19 Cr. 179 (JBA), Docket Entry No. 38 (D.Conn. Apr. 2, 2020) (waiving administrative remedy exhaustion requirement in light of the likelihood that defendant would not be able to exhaust her administrative appeals during her remaining eleven days of a 30-day imprisonment sentence, and the potential for serious health consequences due to her medical history of Type II Diabetes).

The Office of the United States Attorney is directed to provide copies of this Memorandum Order and of Mr. Lowry's submissions to the Warden of the Fort Dix BOP facility and the BOP's regional counsel immediately.

This Memorandum Order resolves Docket Entry Nos. 196 and 198.

SO ORDERED.

Dated: New York, New York
April 6, 2020

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge