LAW OFFICES OF
# LONDON & ROBIN

IRA D. LONDON (ret.)
AVROM ROBIN
───────

99 PARK AVENUE
SUITE 2600
NEW YORK, NEW YORK 10016
TEL: 212-683-8000
FAX: 212-683-9422
EMAIL:  iradlondon@aol.com
avrom@mindspring.com

<u>VIA ECF and EMAIL</u>

August 24, 2021

## MEMO ENDORSED

The Honorable Laura Taylor Swain
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    <u>United States v. Beirne Lowry</u>
       18 CR 882  (LTS)

Dear Judge Swain:

     I write to request early termination of supervised release pursuant to 18 U.S.C. § 3583(e) for my client Beirne Lowry.

### BACKGROUND

     On August 1, 2019 the Court sentenced Mr. Lowry to eight months imprisonment and three years of supervised release ("SR"). This case was Mr. Lowry's first interaction with law enforcement.

     Mr. Lowry served his term of imprisonment at FCI Fort Dix. He completed that term of imprisonment and was released on June 26, 2020. Only by sheer luck did he not get infected with Covid at Fort Dix, where the virus was rampant during the last four months of his confinement.

     On June 27, 2020 Mr. Lowry's supervised release term began, immediately after his release from federal prison. His original term of supervised release will expire on June 26, 2023.

     To the present date, Mr. Lowry has served about 14 months of his supervised release term, without incident. He has about 22 months remaining.

     Mr. Lowry is now 62 years old and still living in New York, New York with his wife.

As is common with individuals on supervised release, his level of supervision has been decreased over the 14 months he has been on SR because he has been incident free. Mr. Lowry is now on the lowest level supervision and free to travel anywhere in New York State. He reports once a month on line. He is no longer required to report in person.

Mr. Lowry, has sent out about 150 job applications since his release, but had difficulty finding work during the pandemic. He did a series of Zoom interviews with headhunters in his field, which is video art and creative director.

Mr. Lowry is presently working at ABC-Disney as an editor of WABC TV New York broadcast programs. He edits the live morning show.

Since his release he has also done some part time work for Strike Sound, his brother's company, including web maintenance and a redo of the company website. Around April and May 2021 Strike Sound, which does live music production and staging, did some live shows, at which Mr. Lowry did sound and light mixing.

Mr. Lowry is presently reporting to USPO Taylor Smarra in the Southern District Probation Office.  The position of the Probation office, which I quote exactly with their permission, is, "Probation does not normally recommend an early termination earlier than 18 months, but given the fact that Mr. Lowry completed the community service and financial obligations so early and has been in compliance throughout his term of supervision, we have no objections."

## STATUTORY AND CASE LAW BASIS FOR THIS REQUEST

18 U.S.C. § 3583, Inclusion of a term of supervised release after imprisonment, provides in applicable part:

> (e)  Modification of conditions or revocation. - The court may,  after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7),
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice(.)

Federal Rule of Criminal Procedure Rule 32.1 Revoking or Modifying Probation or Supervised Release provides in applicable part:

(c) Modification.

(1) In General. Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.

(2) Exceptions: A hearing is not required if:

(A) the person waives the hearing; or

(B) the relief sought is favorable to the person and does not extend ther term of probation or supervised release; and

(C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

"Interest(s) of justice," referred to in 18 U.S.C. § 3583, is defined as "The proper view of what is fair and right in a matter in which the decision-maker has been granted discretion." This definition dates to the 17th century. *Black's Law Dictionary,* 11th Edition, Thomson Reuters, 2019.

The case law in the Second Circuit is quite clear and supports early termination when it is appropriate.

District Court Judges have recognized that early termination is appropriate in some cases. For example, in *United States v. Trotter*, 321 F. Supp. 3d 337 (E.D.N.Y. 2018), 2018 U.S. Dist. LEXIS 111946; 2018 WL 3321426, District Judge Jack B. Weinstein noted that the Eastern District Probation Office recommends early termination where warranted, because the resources of the probation department are limited, and should be focused where needed. *Id.* at 340.

The Second Circuit has held, "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)*; *see also United States v. Scheckley, 129 F.3d 114 (2d Cir. 1997).*

The Office of Probation and Pretrial Services, Administrative Office of the U.S. Courts, in a 2013 article entitled *Early Termination of Supervision: No Compromise to Community Safety*, stated "early termination is a practice that holds promise as a positive incentive for persons under supervision and as a measure to contain costs in the judiciary without compromising the mission of public safety." *See,* https://www.uscourts.gov/federal-probation-journal/2013/09/early-termination-supervision-no-compromise-community-safety

## CONCLUSION

I submit that based on Mr. Lowry's changed circumstances and 14 months of unbroken good behavior that he meets the required standards for early termination.

Mr. Lowry's conduct and personal development since his release from custody justify early termination. No purpose is served by further supervision. The interests of justice, and the efficient use of probation department resources, especially in the present time when that office's resources are so in demand, also support this request.

Respectfully submitted,

AVROM ROBIN

C:   A.U.S.A. Nathan Rehn         (via ECF and email)
     U.S.P.O. Taylor Smarra        (via email)

The foregoing, unopposed, request for early termination of supervised release is granted, for the reasons set forth above. Docket entry no. 239 is resolved.
SO ORDERED.
10/18/2021
/s/ Laura Taylor Swain, Chief USDJ